

U.S. Department of Justice

United States Attorney
Eastern District of New York

PSS:SK
F. #2014V01474

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 18, 2014

By Hand and ECF

The Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

      Re:    Carlton Louis v. Warden K-Ask Carlson
             Civil Docket No. 14-3126 (KAM)

Dear Judge Matsumoto:

      The government respectfully submits this letter in response to Carlton Louis's pro se petition seeking a writ of habeas corpus under 28 U.S.C. § 2241.  In this case, the petitioner asks the Court to order the Warden of the Metropolitan Detention Center ("MDC") in Brooklyn, New York, to reverse various sanctions imposed upon the petitioner as a result of the petitioner's refusal to provide a urine sample, in violation of Bureau of Prisons ("BOP") Code 110.  In his petition, the petitioner alleges procedural errors in connection with his underlying disciplinary hearing -- specifically, that he was not permitted to call witnesses at the hearing.  At the time that he filed his petition, the petitioner's administrative appeal was still outstanding.

      On July 17, 2014, the BOP Central Office responded to the petitioner's administrative appeal, partially granting the appeal and remanding the matter to the MDC for appropriate action and rehearing if necessary.  See Declaration of Nicole McFarland (attached).  In all events, rehearing is the appropriate remedy for the petitioner's claims.[1]  As such, rehearing will render moot the petitioner's claims, as those claims pertain entirely to the procedures and result of the initial hearing.  See, e.g., Orozco-Carrazco v. Longley, No.

---

[1] See Kingsley v. Bureau of Prisons, 937 F.2d 26, 31 (2d Cir. 1991) (where inmate was denied his right to call witnesses in a disciplinary hearing regarding a violation of BOP Code 110, the Second Circuit directed the district court to order the penalties imposed expunged unless a new hearing was held at which the defendant was allowed to call witnesses).

11-CV-41, 2011 WL 7006618, at *5 (W.D. Penn. Oct. 12, 2011) (claims regarding initial hearing moot where BOP remanded the case for rehearing); Jones v. Jett, No. 10-CV-4201, 2011 WL 5507222, at *1, 4 (D. Minn. Aug. 12, 2011) (same); Sloley v. O'Brien, 2008 WL 2852023 at *2 (W.D. Va. July 22, 2008) (same); Rojas v. Driver, No. 06-CV-88, 2007 WL 2789471, at *3 (N.D. W.Va. Sept. 24, 2007) (same).[2]

Accordingly, the government respectfully requests that the Court deny the petition as moot.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:    /s/
Saritha Komatireddy
Assistant U.S. Attorney
(718) 254-6054

cc: Carlton Louis (by certified mail)
19933-083
MDC Brooklyn
P.O. Box 329002
Brooklyn, NY 11232

---

[2] There is no impropriety in conducting a rehearing after a habeas petition has been filed. See Jones, 2011 WL 5507222, at * 4.