PSS:SK
F.#2014V01474

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

CARLTON LOUIS,

        Petitioner,          **DECLARATION OF**
                                    **NICOLE MCFARLAND**

    v.

WARDEN K-ASK CARLSON,

        Respondent.

- - - - - - - - - - - - - - - - -X

        I, Nicole McFarland, declare pursuant to 28 U.S.C. § 1746, under penalty of perjury, that to the best of my knowledge, based on my review of relevant records and interviews of relevant BOP personnel, the following is correct:

        1.     I am employed by the United States Department of Justice, Federal Bureau of Prisons ("BOP"), as a Staff Attorney at the Metropolitan Detention Center in Brooklyn, New York (the "MDC"). I have been employed by the BOP since September 2005, and I have been employed at the MDC since January 2009.

        2.     As a Staff Attorney, I have access to numerous records maintained in the ordinary course of business at the MDC, including documentary records and computerized records maintained on the BOP computerized database, SENTRY. I have access to the various databases and files concerning administrative remedy claims filed pursuant to BOP's Administrative Remedy Program, which are maintained by the BOP in the

ordinary course of business. SENTRY maintains a record of all administrative claims filed by an inmate and the dates and dispositions thereof. These records reflect every administrative remedy claim filed by inmates housed in BOP institutions.

3. Petitioner entered into BOP custody on January 17, 2013 at the MDC.

4. The BOP has established an Administrative Remedy Program through which inmates can seek formal review of any complaint regarding any aspect of their imprisonment. Petitioner had available to him the four-step procedures set forth in the Administrative Remedy Program. *See* 28 C.F.R. § 542.10-.19. BOP regulations provide "a process through which inmates may seek formal review of an issue which relates to any aspect of their confinement... if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10. In accordance with the BOP's Administrative Remedy Program, an inmate shall first attempt informal resolution of his complaint by presenting the issue informally to staff, and staff must attempt to resolve the issue. *See* 28 C.F.R. § 542.13(a). Informal requests should be submitted in writing using a BP-8 form. If the complaint cannot be resolved informally, the inmate may submit a formal written Administrative Remedy Request to the Warden, on a designated BP-9 form, within twenty days of the event that triggered the inmate's complaint. 28 C.F.R. § 542.14(a). If the inmate is dissatisfied with the Warden's response, the inmate may submit an appeal to the appropriate Regional Director of the BOP. 28 C.F.R. § 542.15(a). If the inmate is dissatisfied with the Regional Director's response to the appeal, the inmate may appeal to the General Counsel's office within thirty days of the date of the Regional Director's decision. *Id.* No administrative remedy appeal is considered to have been finally exhausted until considered by the BOP's Central Office. 28 C.F.R. §§ 542.14, 542.15.

5. On or about October 17, 2013, Petitioner was issued Incident Report Number 2505092, charging him with Refusing to Provide a Urine Sample, in violation of BOP Code 110.

6. On or about October 18, 2013, the Unit Discipline Committee conducted a hearing and issued an administrative detention order placing Petitioner in administrative detention pending further investigation.

7. On or about October 28, 2013, the Disciplinary Hearing Officer ("DHO") conducted a hearing, found that the Petitioner had violated BOP Code 110, and imposed the following sanctions: disallowance of 40 days of good conduct time, 120 days in disciplinary segregation, and loss of one year of visiting and commissary privileges, followed by an additional one year of immediate family only visiting.

8. On or about November 19, 2013, Petitioner submitted a BP-10 form appealing the DHO's decision. On or about December 20, 2013, the Regional Director denied the appeal.

9. On or about January 9, 2014, Petitioner submitted a BP-11 form appealing the Regional Director's decision. The petitioner did not receive a response from the Central Office.

10. On or about April 30, 2014, Petitioner filed this action.

11. On or about July 17, 2014, the Central Office responded to Petitioner's BP-11 and remanded the matter to the DHO for rehearing. A true and correct copy of the Central Office's decision is attached hereto as Exhibit 1.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: Brooklyn, New York
   July 18, 2014

                 /s/ N McFarland
                 Nicole McFarland
                 Staff Attorney
                 Federal Bureau of Prisons
                 Metropolitan Detention Center
                 Brooklyn, New York

**Administrative Remedy No. 758906-A1**
**Part B - Response**

You appeal the October 28, 2013, decision of the Discipline Hearing Officer (DHO) regarding Incident Report No. 2505092, where you were found to have committed the prohibited act of Refusing to Provide a Urine Sample, Code 110. You claim due to age and prostate issues, you were willing to provide the sample but could not do so. You argue you successfully rebutted the presumption that you refused to provide a urine sample when you provided the sample later, and it was negative. You also raise procedural issues regarding witnesses and staff representation. Finally you state the sanctions are harsh and feel the incident report should be dismissed.

While there may be sufficient evidence to support the charge, we find some merit to the due process issues raised in your appeal. Accordingly, your appeal is being returned to the institution for appropriate action and rehearing if necessary. You will be advised upon further proceedings. After further proceedings, you may file a new appeal to the Regional Office if you desire.

To the extent above, your appeal is partially granted.

July 17, 2014
Date

Harrell Watts, Administrator
National Inmate Appeals

U.S. Department of Justice

Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: **Louis Carlton**  REG. NO. **19933-083**  UNIT **I62**  INSTITUTION **BKLYN MDC**

### Part A—REASON FOR APPEAL

FBOP Regulation 28 CFR 550.31 states that an inmate may rebut the presumption of unwillingness or refusal during the disciplinary process. (Continue upon attachment forms (4pg))

DATE: 1/9/14

SIGNATURE OF REQUESTER: *Carlton Louis*

### Part B—RESPONSE

DATE: _____

ORIGINAL: RETURN TO INMATE

GENERAL COUNSEL

CASE NUMBER: 757806

### Part C—RECEIPT

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

DATE _____

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
APRIL 1982

USP LVN

FROM: 19933083
TO:
SUBJECT: BP(11) Central Office Appeal remedy
DATE: 01/09/2014 08:32:08 PM

Part A- REASON FOR APPEAL:

I write today appealing, in hopes of mitigating /eliminating the unreasonably harsh sanctions imposed for code 110 "failing/refusing to provide urine sample", which was derived from a mere "presumption" of unwillingness as my body was physically unable to metabolize and produce urine within the two (2) hour time period allotted on the Morning on October 17, 2013; as I had previously relieved myself fully prior to being requested to provide urine (It should be noted I am 47 years old, with a slower metabolism, and prostate issues). After being requested I fully complied with every request made by staff, never implicitly or explicitly refusing; I even drank water as commanded by OFC. J. Parker, despite my mind being willing, my Body was still unable to metabolize urine within the two hour time frame.

I was escorted to the SHU, where OFC. J. Parker wrote incident report no: 2505092. At Approx. 10:00am that same morning, I was finally able to produce urine in the presence of SHU Lt. Jones, and OIC Hernandez, the urine sample tested negative for the presence of any controlled substance, (this collection is on file and should be accepted as probative evidence in support of a dismissal). However, the incident report was already written.

FBOP regulations 28 CFR 550.31 states that " an inmate may rebut the presumption of unwillingness or refusal during the disciplinary process". It is an *Undisputed* fact that I never willingly refused /failed to provide a urine sample, as I did provide a sample that same morning (under the direct supervision of two staff members), which functions as a direct rebuttal to Code 110's presumption element. In turn, this rebuttal outweighs any and all evidence presented in support of a presumption. However, the DHO, failed to consider, or allow me to produce this Direct evidence of compliance, he deprived me of my right to call staff representatives or witness's (with personal knowledge) such as SHU Lt Jones and OIC Hernandez, to testify in regards to the test and negative results. I was also deprive of the Substitute staff representative Ms. Velez, and the record clearly reflects that I did not waive my rights.

Based on the totality of the facts and circumstances of this case, the greater weight of evidence rebutted a willful violation under section 110, enough to warrant a dismissal; and the sanctions imposed are very harsh, unjust, and contrary to BOP regulation 28 CFR 550.31, as applied to someone who clearly did not willingly or directly refuse to provide a urine sample. Wherefore, I pray that the general counsel provide me with relief consistent with BOP policy and regulations, eliminating the disproportionate sanctions as applied here, and relief from the constant persecution of constant urination testing based on being found guilty of this offense, when I was innocent.

Respectfully Submitted,

*[signature]*
Carlton Louis,

Reg # 19933-083
MDC Brooklyn
P.O. BOX 329002
Brooklyn, NY 11232

DATED: January, 9TH, 2014