UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

CARLTON LOUIS,                                      NOT FOR PRINT OR
                                                    ELECTRONIC
                Petitioner,                PUBLICATION

-against-                                           **MEMORANDUM AND ORDER**

WARDEN K-ASK CARLSON,                               14-CV-3126 (KAM)

                Respondent.

----------------------------------------X

**MATSUMOTO, United States District Judge:**

On May 8, 2014, *pro se* petitioner Carlton Louis ("petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging disciplinary action taken against him at the Metropolitan Detention Center ("MDC") Brooklyn for his failure to provide a urine sample within the prescribed two-hour period. (*See generally* ECF No. 1, Pet. for a Writ of Habeas Corpus dated 5/8/14 ("Pet.").) Petitioner alleges that the sanctions imposed after his hearing violate his constitutional rights because he was not afforded certain procedural rights at his hearing and the sanctions imposed were overly harsh. (*See id.* at 1-5.) Petitioner seeks the reversal and expungment of the sanctions he received at the hearing. (*See id.* at 6.)

On October 17, 2013, petitioner was charged with a violation of Bureau of Prisons ("BOP") Code 110, Refusing to

Provide a Urine Sample, and was placed in administrative detention pending further investigation of the violation. (*Id.* Exs. A-B.)  A hearing was held on October 28, 2013, at which the Disciplinary Hearing Officer ("DHO") found that petitioner violated BOP Code 110 and sanctioned petitioner with loss of 40 days of good conduct time, 120 days in disciplinary segregation, and loss of one year of visiting and commissary privileges, followed by an additional year of visits from only immediate family. (Pet. Ex. C.)  Petitioner appealed his decision to the BOP Central Office after his appeal was denied by the Northeast Regional Director. (Pet. at 2-4, Ex. D.)  However, petitioner's administrative appeal to the BOP Central Office was still outstanding at the time his petition was filed. (Pet. at 4.)

On July 17, 2014, the BOP Central Office granted in part petitioner's administrative appeal and remanded the case to the MDC for further action. (ECF No. 11-1, Decl. of Nicole McFarland dated 7/18/14, ¶ 11, Ex. 1.)  Respondent, in response to the court's order to show cause, requested that the petition be denied as moot because petitioner's claims arose out of his initial disciplinary hearing. (*See* ECF No. 11, Gov't Response to Order to Show Cause dated 7/18/14.)  On July 30, 2014, the court denied respondent's request without prejudice absent any indication that petitioner's sanctions had been reversed and expunged or, alternatively, a new hearing had been granted.

(Electronic Order dated 7/30/14.)  Petitioner filed additional submissions on August 1 and August 15, 2014, requesting that the court (1) grant his petition and order respondent to reverse and expunge his sanctions and (2) grant injunctive relief (specifically, enjoining the BOP from conducting a new hearing concerning petitioner's infraction).  (*See* ECF Nos. 14-15.)

On August 29, 2014, respondent renewed her request that the court deny Mr. Louis's petition as moot after a new hearing had been granted to petitioner.  (*See* ECF No. 16; *see also* ECF No 16-1, Decl. of Nicole McFarland ("Farland Decl.") dated 8/28/14.)  The rehearing process is underway and efforts have been made to provide petitioner with access to his requested staff representative and witnesses.  (*See* Farland Decl. ¶ 3.)

Based on respondent's representation that petitioner has been granted a new hearing at which he will have access to a staff representative and be able to call witnesses, the court now finds that the petition must be dismissed.  As respondent correctly notes, a new hearing properly addresses petitioner's claims.  *See Kingsley v. Bureau of Prisons*, 937 F.2d 26, 31 (2d Cir. 1991) (directing the district court to order the expungement of penalties imposed on petitioner at disciplinary hearing where he was denied his right to call witnesses, unless a new hearing was held at which petitioner was permitted to call

3

witnesses). Petitioner seeks an order from this court reversing and expunging the sanctions received after his initial hearing. Petitioner's case has been remanded to the MDC and a new hearing is being held. As a result, petitioner is no longer subject to the outcome of the October 17, 2013 disciplinary hearing. Thus, his petition for relief, which alleges constitutional violations in connection with that hearing, is moot. *See, e.g.*, *Orozco-Carrazco v. Longley*, Civ. No. 11-41, 2011 WL 7006618, at *4-5 (W.D. Pa. Oct. 12, 2011), *adopted by* Civ. No. 11-41, 2012 WL 112986 (W.D. Pa. Jan. 12, 2012).

**CONCLUSION**

For the foregoing reasons, the court denies petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 as moot. The court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this judgment would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully requested to enter judgment accordingly, to close this case, and to a serve a copy of this order along with the judgment upon petitioner and note service on the docket.

**SO ORDERED.**

DATED: October 9, 2014
       Brooklyn, New York

/s/
Kiyo A. Matsumoto
United States District Judge